UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN VERMONT CHANDLER,

    Petitioner,                                 Civil No. 05-CV-72608-DT
                                                HONORABLE AVERN COHN
v.                                          UNITED STATES DISTRICT JUDGE

BRUCE L. CURTIS, et. al.

    Respondents,
_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Brian Vermont Chandler, (Petitioner), is a state inmate at the Cooper Street Correctional Facility in Jackson, Michigan. Petitioner has filed a pro se "Emergency Petition for Writ of Habeas Corpus as of Right."

For the reasons that follow, the petition for writ of habeas corpus is DISMISSED because petitioner has failed to allege any facts showing that he is being detained in violation of the United States Constitution.

II. Analysis

A.

Although petitioner does not specifically delineate the state court judgment that he is challenging, attached to the petition is a document entitled "In Re: Motion to Dismiss for Lack of Jurisdiction" which was filed in the Wayne County Circuit Court under case number

03-005044-01. The Michigan Department of Corrections' Offender Tracking Information System (OTIS)indicates that petitioner was convicted in the Wayne County Circuit Court under this case number of possession of a firearm in the commission of a felony, contrary to M.C.L.A. 750.227b and was sentenced to two years in prison on November 13, 2003.[1]

The allegations in the petition are not well-organized and difficult to understand, but it appears that petitioner's primary claim is that the Wayne County Circuit Court lacked jurisdiction to try him. In his "Writ of Praecipe to the Clerk", which he has also attached to his petition, petitioner claims that his Thirteenth Amendment right to be free from involuntary servitude has also been violated by the State of Michigan. Petitioner also claims that he was never informed of the nature of the charges against him. Petitioner further claims that he was denied the effective assistance of counsel. Petitioner further claims that his constitutional right to travel has been violated. Petitioner also alleges that he was denied his Fifth Amendment right to be charged by indictment.

B.

1.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are

---

[1]The Court is permitted to take judicial notice of information contained on OTIS. *Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004),

attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  No response to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state.  *Allen v. Perini,* 424 F. 2d 134, 141 (6th Cir. 1970).  *See also Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

2.

Petitioner's primary claim appears to be that the Michigan courts lacked jurisdiction to try him for the crime for which he was convicted.  The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts. *Wills v. Egeler,* 532 F. 2d 1058, 1059 (6th Cir. 1976). Petitioner's claim that the state trial court lacked jurisdiction to try his case raises an issue of state law, because it questions the interpretation of Michigan law, and is therefore not cognizable in federal habeas review. *See United States ex. rel. Holliday v. Sheriff of Du Page County, Ill.,* 152 F. Supp. 1004, 1013 (N.D. Ill. 2001); *Cf. Toler v. McGinnis,* 23 Fed. Appx. 259, 266 (6th Cir. 2001)(district court lacked authority on habeas review to review petitioner's claim that the state court erred in refusing to instruct jury on the requirements for extraterritorial jurisdiction, because the claim was contingent upon an interpretation of an alleged violation of state law).  In addition, petitioner is unable to rely on the Uniform Commerical Code (U.C.C.) in support of his jurisdictional argument, because the provisions of the U.C.C. are inapplicable to criminal proceedings. *See United States v. Humphrey,* 287 F. 3d 422, 435 (6th Cir. 2002); *See also United States v. Holloway,* 11 Fed. Appx. 398, 400 (6th Cir. 2001).

Petitioner also claims that his Thirteenth Amendment right to be free from involuntary servitude has been violated. The Thirteenth Amendment has an express exception for persons who have been imprisoned pursuant to a conviction for a crime. *See Pischke v. Litscher,* 178 F. 3d 497, 500 (7th Cir. 1999); *See also Tracy v. Keating,* 42 Fed. Appx. 113, 116 (10th Cir. 2002); *Canell v. Multnomah County,* 141 F. Supp. 2d 1046, 1058 (D. Or. 2001). Thus, petitioner is not entitled to relief on this claim.

Petitioner also claims, in conclusory fashion, that he was never informed of the nature and the cause of the accusations against him. A state criminal defendant has a due process right to be informed of the nature of the accusations against him. *Lucas v. O'Dea,* 179 F. 3d 412, 417 (6th Cir. 1999). Notice and opportunity to defend against criminal charges as guaranteed by the Sixth Amendment to the United States Constitution are an integral part of the due process protected by the Fourteenth Amendment and therefore apply to state prosecutions. *Cole v. Arkansas,* 333 U.S. 196, 201 (1948); *In Re Oliver,* 333 U.S. 257, 273 (1948). An alleged defect in a state court indictment is not constitutional error unless a habeas petitioner can establish that: (1) he did not receive adequate notice of the charges; and (2) he was therefore denied the opportunity to defend himself against the charges. *See United States ex. rel. Gill v. Gramley,* 16 F. Supp. 2d 924, 935 (N.D. Ill. 1998). In this case, petitioner has failed to allege, must less prove, that he was denied the opportunity to defend against these charges by the allegedly inadequate notice, therefore, his claim must fail. In addition, petitioner was convicted by a jury after a trial. Petitioner has failed to show that he lacked adequate notice of the charges against him in this case.

Petitioner next claims that he was deprived of the effective assistance of counsel because his choice of counsel was limited to attorneys licensed by the State of Michigan.

4

Although "[t]he right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States,* 486 U.S. 153, 159 (1988). A criminal defendant's Sixth Amendment right to choose his own counsel is therefore circumscribed in several respects. *Id.* In particular, an advocate who is not a member of the bar may not represent clients (other than himself) in court. *Id.* Petitioner's claim that counsel was ineffective simply because his choice of counsel was limited to members of the Michigan bar is not a basis fo habeas relief.

Petitioner also claims that his attorney was laboring under a conflict of interest because he was a member of the State Bar of Michigan. Defense attorneys owe their clients a duty of loyalty, including the duty to avoid conflicts of interest. *Strickland v. Washington,* 466 U.S. 668, 688 (1984)(*citing to Cuyler v. Sullivan,* 446 U.S. 335, 346 (1980)). However, a claim of a conflict of interest, by itself, is insufficient to justify reversal of a conviction. *Reedus v. Stegall,* 197 F. Supp. 2d 767, 782 (E.D. Mich. 2001)(citing to *United States v. Hall,* 200 F. 3d 962, 966 (6th Cir. 2000); additional citations omitted).
A habeas petitioner must demonstrate "that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Reedus,* 197 F. Supp. 2d at 782 (citing to *Strickland,* 466 U.S. at 692). Where a habeas petitioner does not show that his trial counsel had an actual conflict of interest which prejudiced his defense, he is not entitled to habeas relief. *Reedus,* 197 F. Supp. 2d at 783. Here, petitioner has failed to allege or to prove that this alleged conflict of interest prejudiced his defense. Petitioner is therefore not entitled to habeas relief on

this claim.

Petitioner next contends that his constitutional right to travel has been violated. As a general rule, convicted criminals enjoy no fundamental right to travel. *See Jones v. Helms,* 452 U.S. 412, 419 (1981). Petitioner has been duly convicted and therefore enjoys no constitutional right to travel.

Petitioner lastly claims that his conviction was unconstitutional because he was never indicted by a grand jury. The federal guarantee of a charge by indictment, however, does not apply to the states. *See Lucas v. O'Dea,* 179 F. 3d at 417. Therefore, petitioner is not entitled to habeas relief on this claim.

**SO ORDERED.**

Dated: July 13, 2005
                               s/Avern Cohn
                               AVERN COHN
                               UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, July 13, 2005, by electronic and/or ordinary mail.

                               s/Julie Owens
                               Case Manager, (313) 234-5160